Present:  All the Justices

DEBORAH A. CONNER

v.  Record No. 981088    OPINION BY JUSTICE ELIZABETH B. LACY
                                         February 26, 1999
NATIONAL PEST CONTROL
ASSOCIATION, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

In this appeal we consider whether Code § 2.1-725 of the
Virginia Human Rights Act (VHRA), Code §§ 2.1-714 et seq.,
prohibits a common law cause of action for wrongful
termination based on a violation of public policies enunciated
in both the VHRA and other provisions of state, federal, or
local statutes or ordinances.

Deborah A. Conner was terminated by her employer, the
National Pest Control Association, Inc. (NPCA), in September
of 1995.  She filed a common law cause of action for wrongful
termination against NPCA, alleging that her termination
"constituted discrimination . . . based on her gender" and
that it violated the public policy against retaliation for
complaints of discrimination in employment as articulated in
the VHRA and other provisions of Virginia and federal law.[1]

_____

[1] Specifically Conner relied on art. 1, § 1 of the
Virginia Constitution, Chapter 11, § 11-1-1 et seq. of the
Fairfax County Code, Virginia Code §§ 2.1-374, 8.01-42.1, 11-
44, 11-51, 15.1-37.3:8 (repealed and reenacted in substance as
§ 15.2-965 (1997)), 15.1-48.1 (repealed and reenacted in
substance as § 15.2-1604 (1997)), 36-96.1, 38.2-2212(C1),

Conner sought $1,000,000 in compensatory damages, $350,000 in punitive damages and attorneys' fees.

NPCA filed a demurrer claiming that Conner's motion for judgment failed to state a cause of action because the common law cause of action asserted was eliminated by the 1995 amendments to the VHRA.  NPCA, relying on Doss v. Jamco, Inc., 254 Va. 362, 492 S.E.2d 441 (1997), contended that the 1995 amendments to the VHRA restricted the remedy for wrongful termination of employment based on a violation of a public policy found in the VHRA to a statutory remedy.  The trial court agreed and entered an order dismissing Conner's motion for judgment for failure to state a cause of action.

On appeal Conner asserts, as she did in the trial court, that even if the 1995 amendments to the VHRA as interpreted in Doss "effectively prohibited a victim of discrimination from relying on the public policy articulated in the VHRA" as the basis for a common law action, they do not prohibit reliance "upon other state or federal **laws**, or upon the public policies enunciated elsewhere."  We disagree.

The plaintiff in Doss, relying on Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985), and Lockhart v. Commonwealth Education Systems, 247 Va. 98, 439 S.E.2d 328

_____

38.2-2213, 38.2-4312(3)(E)(1994), as amended 38.2-4312(D)(1998), 59.1-21.21:1 and Title VII of the Civil Rights

(1994), filed a common law action against her employer claiming that her termination violated Virginia's public policy against discrimination on the basis of gender as enunciated in the VHRA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.. She maintained that the 1995 amendments to the VHRA did not alter her common law cause of action. In response to a question certified to us by the United States Court of Appeals for the Fourth Circuit, we held that the plain meaning of the 1995 amendments required the conclusion that the General Assembly abrogated the common law action for wrongful termination based upon a violation of the public policies contained in the VHRA. Doss, 254 Va. at 372, 492 S.E.2d at 447. Although the decision in Doss was limited to a cause of action for wrongful termination relying on the VHRA as the source of the public policy allegedly violated, id. at 366, 492 S.E.2d at 443, the rationale of that decision controls the disposition of this case.

Our decision in Doss centered on the application of subsection D of Code § 2.1-725, which was added to the VHRA in 1995. That subsection provides:

> Causes of action based upon the public policies
> reflected in this chapter shall be exclusively
> limited to those actions, procedures and
> remedies, if any, afforded by applicable federal

Act of 1964, 42 U.S.C. §§ 2000e et seq..

3

or state civil rights statutes or local ordinances.

We concluded that this subsection plainly manifested the General Assembly's intent to alter the common law and to limit actions based on violations of the policies reflected in the VHRA to applicable statutory causes of action and remedies. Id. at 371, 492 S.E.2d at 446. Thus, we held that the plaintiff in Doss could not maintain her common law action based on alleged violations of policy stated in the VHRA, because allowing her to do so would circumvent and render meaningless the mandate of subsection D that the actions for violations of such policies be "exclusively limited" to statutory causes of action. Id.

In this case, just as in Doss, subsection D's exclusivity requirement would be circumvented and rendered meaningless if Conner could maintain her common law action based upon an alleged violation of a policy enunciated in the VHRA by simply citing a different Code section or other source of public policy which enunciated the same policy. Furthermore, the General Assembly did not limit the exclusivity provision to those causes of action relying on the VHRA itself as the source of the public policy statements. Rather, it made statutory causes of action the exclusive avenues for pursuing a remedy for an alleged violation of any public policy

4

"reflected in" the VHRA.  Therefore, we conclude that the General Assembly, in enacting the 1995 amendments to the VHRA, eliminated a common law cause of action for wrongful termination based on any public policy which is reflected in the VHRA, regardless of whether the policy is articulated elsewhere.

Accordingly, we will affirm the trial court's order sustaining the demurrer of NPCA and dismissing Conner's motion for judgment for failure to state a cause of action.[2]

Affirmed.

JUSTICE HASSELL, with whom JUSTICE KEENAN joins, concurring.

Gender discrimination should not be countenanced in any manner and victims of such discrimination should be accorded a tort remedy that fully and fairly compensates them for injuries caused by an employer's repugnant conduct.  As this Court recognized in Lockhart v. Commonwealth Educ. Sys., 247 Va. 98, 105, 439 S.E.2d 328, 331 (1994):

> "Without question, it is the public policy of this Commonwealth that all individuals within this Commonwealth are entitled to pursue employment free of discrimination based on race or gender.  Indeed, racial or gender discrimination practiced in the

---

[2] We do not consider Conner's assignment of error that the trial court erred in holding that the 1995 amendments to the VHRA do not violate the equal protection clause of the United States Constitution, because the trial court's order does not reflect such a holding, and the issue of the constitutionality of a statute is not properly before us on review of an order sustaining a demurrer.

work place is not only an invidious violation of the rights of the individual, but such discrimination also affects the property rights, personal freedoms, and welfare of the people in general."

However, the General Assembly of this Commonwealth has chosen to impose limitations on the right of a woman to recover damages against an employer who discriminates against her because of her gender.  See Code §§ 2.1-714, et seq.  And, this Court, which does not, and constitutionally cannot, act as a super-legislative body, is required to apply these restrictions as expressed by the General Assembly.  For this reason solely, I am compelled to concur with the majority's opinion.